UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **SHERREL PRICE,** | § <br> § <br> § **Civil Action No.:** <br> § **5:17-cv-00021** <br> § <br> § <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § <br> § <br> § |
| Plaintiff, | |
| v. | |
| **MEDICREDIT, INC.** | |
| Defendants. | |

## COMPLAINT

SHERREL PRICE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Antonio, Texas 78216.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692 a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See § 1692(k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and, attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a national debt collection company with headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri, 63141.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

15. By way of background, beginning sometime in or around late 2015, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone regarding an allege debt owed by an unknown male third party named Patrick McLane

16. The calls began shortly after Plaintiff obtained her current cellular telephone number.

17. Defendant has placed telephone calls to Plaintiff from (800) 823-2318. The undersigned has confirmed that this telephone number belongs to the Defendant.

18. In January 2016, Plaintiff told Defendant that it had the wrong number and to stop calling.

19. Defendant acknowledged this request by indicating it would stop calling.

20. However, Defendant continued to call Plaintiff for this unknown third party through May 2016

21. When placing calls to Plaintiff, Defendant used an automated telephone dialing system and/or prerecorded voice.

22. Plaintiff knew that Defendant was using an automated telephone dialing system and/or prerecorded voice as she received automated messages from Defendant indicating that Defendant's calls were for Patrick McLane.

23. Defendant's calls were not for emergency purposes but to contact an unknown third party.

24. Plaintiff never consented to Defendant calling

25. Defendant's calls were often made during inconvenient times such as when she was at work or picking up her children from school.

26. Defendant also placed calls to Plaintiff's cellular telephone before 8 A.M. and after 9 P.M.

27. After the calls to Plaintiff's cellular telephone continued in spite of her requests to stop calling, Plaintiff had no other option but to block calls from their number.

## COUNT I
## **DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

28. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer before 8:00 A.M. and/or after 9:00 P.M. local time at the consumer's location.

29. Here, Defendant contacted Plaintiff before 8:00 A.M. and after 9:00 P.M. local time in violation of §1692c(a)(1) of the FDCPA.

## COUNT II
## **DEFENDANT VIOLATED §1692d OF THE FDCPA**

30. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. Defendant violated §1692d when it placed repeated harassing telephone calls to Plaintiff, and continued to call despite her indication that it was calling the wrong telephone number.

## COUNT III
## **DEFENDANT VIOLATED §1692d(5) OF THE FDCPA**

32. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse or harass any person at the called number.

33. Defendant violated §1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff, and continued to call despite her indication that it was calling the wrong telephone number.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

36. Defendant's calls to Plaintiff were not made for emergency purposes.

37. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SHERREL PRICE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    e. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    f. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHERREL PRICE, demands a jury trial in this case.

Respectfully submitted,

Dated: January 13, 2017     By:   /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com